LEWIS PATTBERG et al.

*v.*

LEWIS PATTBERG & BROTHERS, a corporation.

1. Certain secured bondholders of an insolvent corporation were not notified by mail, with the other creditors, of the time limited for the presentation of claims against the corporation, although the order of limitation was published. The time expired, and the bondholders found their security insufficient to pay them in full, and applied to be admitted as creditors for the balance. Applicants had paid value for their bonds.—*Held*, that the application should be granted.

2. They were also entitled to a preferential dividend to put them on equality with the other creditors, who had already received a dividend on their claims.

3. A creditor of an insolvent corporation, who holds as collateral secured bonds of the corporation, the security for which is insufficient to pay in full either the bonds or the debt, cannot be admitted as a creditor for the balance due on the bonds as well as for the debt.

Application to be admitted as creditors of an insolvent corporation, after the expiration of the time limited by an order of the court.

*Mr. William H. Corbin,* for the applicants.

*Mr. Joseph A. McCreery, contra.*

PITNEY, V. C.

The situation of the affairs of the corporation is, briefly, as follows: A receiver was appointed by this court, and it was declared insolvent on the 31st day of December, 1894. The assets consisted, in part, of personal property, consisting of merchandise, machinery and fixtures, and accounts and bills receivable, and, in part, of real estate subject to a mortgage of $75,000.

The personal property was sold and the accounts and bills receivable collected and produced a considerable sum of money, part of which has been distributed among the creditors who presented their claims within the time limited by the order.

A considerable sum of money still remains to be divided.

The usual rule limiting creditors was made and published and has long since expired.

Charles Pfeiff and Louisa Austin now apply to be admitted as creditors.

The mortgage of $75,000 on the real estate was given to trustees to secure seventy-five $1,000 bonds.  Thirty of these are held by the applicant Charles Pfeiff, twenty by the applicant Louisa Austin and twenty-five are held by George Borgfeldt & Company, a corporation, as collateral to a claim against the insolvent corporation for fifty-eight thousand and odd dollars, which latter it has duly proven and received a dividend upon.

No sworn claim was presented on any of these bonds to the receiver, but their existence and ownership were known, and the receiver early applied for an order to pay the interest due on those held by Pfeiff and Austin out of funds in his hands.  This was done, either on the supposition that the mortgaged property was worth more than the amount of the bonds, or because the receiver was using the mortgaged property, a factory, in finishing goods and closing up the business.

Subsequently, the real estate was sold by an order of this court, free of the mortgage, and produced only about $11,000, which was distributed among the bondholders, and of course fell far short of paying their debt.   Pfeiff and Austin now apply to be admitted as creditors for the balance due upon their bonds.

This application is opposed by Borgfeldt & Company, which is the principal creditor of the corporation, on the ground that the claim was not presented within the time limited by the order of the court.

With regard to this part of the case, I find, annexed to the affidavit of the service of the order limiting creditors by mailing, a list of the creditors to whom it was mailed, and Pfeiff and Austin are not among them, although their names are on the list of creditors to whom the order to show cause why the temporary receiver should not be made permanent was mailed. This affidavit was made on January 21st, 1895, and the order

limiting creditors was made January 28th, 1895. Why the names of Pfeiff and Austin, as creditors, were dropped from the earlier list does not appear, unless it was by reason of the supposition that the mortgaged property was sufficient to pay their bonds. Suffice it to say that their names are not on the list of creditors to whom notice of the rule limiting creditors was sent, and they both swear that they received no notice and had no knowledge of such an order being made.

It is well known that, although these orders in these insolvent corporation cases are published in the newspapers, little or no reliance is had upon that publication, but the court is particular to see to it that they are all mailed to the creditors of the corporation so far as they can be ascertained, and reliance is had principally upon the mailing of the notices.

The general rule is that failure to make application within the time limited by the order, in these cases of insolvent corporations, is not conclusive against creditors. This was so held distinctly by Chancellor Green in *Grinnell* v. *Insurance Company, 1 C. E. Gr. 283.* He there declared that those creditors who do present within the time do not thereby obtain a vested right to a certain dividend to the exclusion of others. (In fact, this court had no power, except by implication, previous to the corporation revision taking effect July 4th, 1896, to make any order absolutely barring creditors.)

In that case, the applicant was circumstanced somewhat as are these applicants. He was an officer of the insolvent corporation, held a bond and mortgage as security for certain moneys which he advanced for it, and supposed that it was sufficient to pay him, but a foreclosure resulted in a deficiency, and it was for this deficiency that he asked to be admitted as a creditor after the time limited.

The fundamental equity at the bottom of the chancellor's decision was that equality is equity.

Applying that doctrine here, I think the applicants should be admitted.

It is further claimed that they should be admitted upon the same basis as the creditors already admitted, and have a prefer-

ential dividend out of the assets in hand to such an extent as will put them on an equality with the other creditors, provided there is enough for that purpose. I think, considering that no notice was mailed to them, and that they are not guilty of any laches whatever, that they are so entitled as the logical result of the equitable principle just stated. There is no dispute but that their bonds represent a real indebtedness of the company.

Borgfeldt & Company also presents a claim to be admitted as a creditor on the twenty-five bonds, of $1,000 each, which it received from the company directly and holds as collateral to its claim provided Pfeiff and Austin are admitted.

Borgfeldt & Company has already had a share of the proceeds of the sale of the real estate.

But, beyond a share in the proceeds of the sale of the mortgaged premises, I think that it cannot be admitted as a creditor by reason of its holding these bonds as collateral. To do so would be to increase the debts of the insolvent corporation beyond what they actually are. The only effect of giving Borgfeldt & Company the bonds as collateral to its debt was to give it a specific lien to that extent upon the real estate, in common with the other holders of the bonds secured by the trust mortgage, and it must be content with the proceeds of that lien.

So far as regards the personal obligation of the corporation, the bonds in question had no validity, and their delivery to Borgfeldt & Company did not increase the indebtedness of the insolvent corporation. The attempt by a debtor to increase, in case of insolvency, the security of his creditor by giving him his own personal obligation as collateral, is simply absurd.

The case cited by the counsel of Borgfeldt & Company in support of his application, viz., *Duncomb* v. *Railroad Company*, *84 N. Y. 190*, is clearly distinguishable. There a party, upon loaning $81,000 to the railroad, received $810,000 of their mortgage bonds as collateral, and the question was whether he should have a dividend in the proceeds of the sale of the mortgaged premises upon the whole sum of $810,000, or whether he should have it only on the sum of $81,000, and it was held that he was entitled to a dividend upon the whole $810,000,

provided the dividend did not exceed the whole amount of the actual debt. The distinction between that case and this is apparent at once. There the question was as to a share in a particular fund, and not in the general estate, and it is to be observed that the claimant was not allowed a dividend upon both the $810,000 of bonds and the $81,000 of actual debt. Here Borgfeldt & Company claims a dividend upon both, out of the general fund. The case cited is an authority against their claim rather than for it.

I will advise an order in accordance with these views.